IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PATRICK C. LYNN,

        Plaintiff,

        vs.                                CIVIL ACTION
                                                  No. 03-3464-JAR

RAY ROBERTS, et al.,

        Defendants.

ORDER

This matter comes before the court on correspondence, dated May 5, 2005, submitted by the plaintiff. This is a civil action filed by a prisoner pursuant to 28 U.S.C. § 2254. Plaintiff asks the undersigned Chief Judge to reassign this case.

Section 28 U.S.C. 137 of the United States Code governs the distribution of case filings among district judges and provides, in relevant part:

**Division of business among district judges**

The business of a court having more than one judge shall be divided among the judges as provided by the rules and orders of the court.

The chief judge of the district court shall be responsible for the observance of such rules and orders, and shall divide the business and assign the cases so far as such rules and orders do not otherwise prescribe.

This statute does not grant either express or implied authority to a chief judge to take action in litigation which has been assigned to another judge of the court and remains pending before that judicial officer. United States v. Heath, 103 F. Supp. 1 (D. Haw.

1952)(holding an order of the chief judge filed after a criminal case was assigned to another judge was void). Rather, it is the duty of the chief judge "to insure that the agreed upon rules are enforced and are administered so as to carry out their purposes". <u>Utah-Idaho Sugar Company v. Ritter</u>, 461 F.2d 1100, 1103 (10th Cir. 1972).

The relief sought by plaintiff would require an improper intrusion into the administration of an action pending before another judicial officer. Accordingly, no formal action will be taken upon the correspondence directed to the Chief Judge. The material submitted by the plaintiff will be placed on the left side of the file but will not be docketed. Plaintiff may submit an appropriate motion for filing in the pending action.

IT IS, THEREFORE, BY THE COURT ORDERED that no formal action will be taken upon the May 5, 2005 correspondence received from the plaintiff. The Clerk of the Court is directed to place plaintiff's May 5, 2005 correspondence on the left side of the file.

Copies of this order shall be transmitted to the Honorable Julie A. Robinson, District Judge, defendant's counsel and the plaintiff.

**IT IS SO ORDERED.**

Dated at Kansas City, Kansas, this 13th day of May, 2004.

        s/John W. Lungstrum
        John W. Lungstrum
        District Judge