## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**PATRICK C. LYNN,**

**Petitioner,**

**v.**                                             **CASE NO. 03-3464-JAR**

**RAY ROBERTS, et al.,**

**Respondents.**

## ORDER DENYING MOTIONS FOR ORDERS AND
## GRANTING FINAL EXTENSION OF TIME TO FILE TRAVERSE

On December 5, 2003, petitioner Patrick C. Lynn filed  pro se, a petition for writ of habeas corpus.  Since that date, petitioner has filed numerous motions, many of which were ruled on by Judge Crow before this case was reassigned to the undersigned judge.  Between January 31, 2005 and May 25, 2005, among the many other pleadings he filed, petitioner filed five "Motion(s) for Orders" (Docs. 53, 55, 56, 57 and 59) seeking various forms of relief.  These motions are denied for several reasons, as further discussed below.

Defendants filed their Answer in this case on December 21, 2004.   As he has in prior pleadings, petitioner seeks an extension of time to file his Traverse.  This motion for extension is granted, as further discussed below, but the Court cautions petitioner that the Court will grant no future extensions of the deadline to file his Traverse.

1

*Relief requested and Denied in the Motion(s) for Orders*

In these five "Motion(s) for Orders," among other relief, petitioner seeks an order compelling prison officials to provide petitioner with pen, paper, copies, envelopes, and postage stamps to prosecute this case, beyond the amount of such supplies provided pursuant to the prison's administrative policies and procedures.  Alternatively, petitioner seeks an order compelling prison officials to accept monies tendered by petitioner's family for the expense of postage stamps and/or supplies exceeding petitioner's account, and/or the establishment of a special account for these purposes.  Judge Crow has previously denied such requests,[1] and this Court will *not* entertain motions previously ruled upon, nor "revisit" Judge Crow's rulings as petitioner requests.   For the same reason, this Court denies petitioner's renewed and repeated requests for: appointment of counsel; discovery of booking room videotape and other evidence from the trial; video conference hearing; orders compelling the FBI to investigate alleged corruption by the state district court judge, prosecutor, court reporter and petitioner's court appointed defense counsel; orders for deposition of the court reporter and participants in the criminal trial; and orders for discovery of email correspondence among defendants and other internal work product concerning this litigation.

Further, as Judge Crow has aptly stated in prior rulings, petitioner's claims about mail handling, legal access to the court, and being confined to administrative segregation, are complaints about the

---

[1] For example, in an Order entered on or about November 17, 2004 (Doc. 45) Judge Crow, *inter alia*, denied petitioner's  claims regarding the handling of his mail, denial of manila mailing envelopes, installation of a plexiglass shield around his cell, and restrictions on petitioner's telephone usage, postage, paper and envelopes, in other words, many of the claims petitioner raises in these "Motion(s) for Orders."

conditions of confinement, not cognizable in this habeas action.[2]  Indeed, this Court notes that petitioner

should be well aware of this rule of law, for among the 22 post conviction actions he has filed in this

Court, are a number of actions in which the Court dismissed his conditions of confinement claims as

improperly brought in an action for habeas relief.

       In addition to these repeated and/or improper claims, petitioner again moves for orders

compelling the defendants to produce the entire state court record concerning petitioner's criminal case,

direct appeal and state habeas action.  This entire record was provided to this Court, and petitioner's

motion, to that extent, is thus denied as moot.  Despite petitioner's repeated assertions that matters

have been withheld or not produced, this Court finds that the *entire* record has been produced.  The

records are voluminous; this Court has spent considerable time inventorying two large boxes of records

and is satisfied that all pleadings, orders and correspondence have been produced.

*One Final Extension of time to file Traverse*

       Based on his assertions that the defendants have failed to produce the entire record, petitioner

has repeatedly sought extensions of time to file his Traverse, since the defendants filed their Answer on

December 21, 2004.   The Court notes that it is somewhat disingenuous for the petitioner to claim that

he cannot file his Traverse because the entire record has not been produced and because he lacks

sufficient scrivener supplies.  For petitioner has been quite prolific in filing pleadings in this case, many of

which include multiple page attachments of records and/or prior pleadings filed by the petitioner.

Indeed, the Court notes that in these various "Motion(s) for Orders" and other pleadings petitioner has

---

[2]*See Boyce v. Ashcroft*, 251 F.3d 911, 918 (01th Cir. 2001), *vacated as moot by Boyce v. Ashcroft*, 2001 WL
1154994 (10th Cir. 2001)(conditions of confinement claims should be brought under civil rights laws.)

filed in this Court, he has effectively traversed defendants' Answer, with factual assertions, legal arguments, and numerous citations to and attachments from the record.[3]

It is also disingenuous for petitioner to claim that he does not timely receive copies of pleadings filed in this case.  From the Court's review of the docket sheet, and review of petitioner's many pleadings, it is apparent that petitioner has received most pleadings quite expeditiously, as evidenced by petitioner's references to these pleadings in the pleadings that petitioner files in response. Nevertheless, this Court will grant petitioner one *final extension* of time to file his Traverse, on or before July 18, 2005.   The Court will not grant any further extensions, however.  **Finally, the Court cautions petitioner, as Judge Crow previously cautioned petitioner, that he is not to impugn the character of the defendants or their counsel, nor use derogatory, profane or inappropriate language in his pleadings**.

**IT IS THEREFORE ORDERED** that the Motion(s) for Order (Docs. 53, 55, 56, 57 and 59) are **DENIED**.

**IT IS FURTHER ORDERED** that the petitioner shall file his Traverse on or before **July 18, 2005.**

**IT IS ALSO ORDERED** that the Court shall grant petitioner **no further extensions** of time to file his Traverse.

**IT IS SO ORDERED.**

**DATED:  This  _6th_  day of June 2005, at Topeka, Kansas.**

---

[3]For example: Doc. 53 is six pages and attaches six pages of exhibits; Doc. 55 is five pages and attaches eleven pages of exhibits; Doc. 56 is 3 pages and attaches 28 pages of exhibits;  Doc. 57 is nine pages and attaches 44 pages of exhibits; and Doc. 59 is 2 pages and attaches 7 pages of exhibits.

4

**S/ Julie A. Robinson**
**Julie A. Robinson**
**United States District Judge**